UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN WRIGHTSMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARION THATCHER, and RON NEAL, )<br>)<br>Defendants. ) | CAUSE NO.: 3:15-CV-87-TLS |

**OPINION AND ORDER**

Steven Wrightsman, a pro se prisoner, filed a Complaint [ECF No. 1] under 42 U.S.C. § 1983, alleging a violation of his federal constitutional right to Equal Protection because he was denied entry into the Honor Program at the Indiana State Prison due to his age. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, the Plaintiff has sufficiently alleged that the Defendants are acting under color of state law, but he has not plausibly alleged the deprivation of a federal constitutional right.

The Plaintiff states that the Honor Program confers special privileges on a select group of prisoners. Such privileges include, in part, additional hours of non-confinement and visitation

rights, access to certain exercise equipment, and permission to purchase video games. Compl. ¶ 5, ECF No. 1. He explains that to get into the program "the offender must be at least 35 years of age" and "[t]here must be 24 months with no conduct reports, and 48 months with no conduct reports involving violence."[1] *Id*. The Plaintiff attaches a form indicating that he was rejected because of his age. *Id.*, ECF No. 1-1.

Although it is possible to raise an Equal Protection claim based on age discrimination, "an age classification is presumptively rational." *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 84 (2000).

> States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest. The rationality commanded by the Equal Protection Clause does not require States to match age distinctions and the legitimate interests they serve with razorlike precision. As we have explained, when conducting rational basis review we will not overturn such government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the government's actions were irrational.
>
> \* \* \*
>
> Under the Fourteenth Amendment, a State may rely on age as a proxy for other qualities, abilities, or characteristics that are relevant to the State's legitimate interests. The Constitution does not preclude reliance on such generalizations. That age proves to be an inaccurate proxy in any individual case is irrelevant. Where rationality is the test, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.

*Id.* at 83–84 (quotation marks, brackets, and citations omitted). In particular, "young age is quite often relevant to valid state concerns, as the Constitution itself attests." *Hedgepeth ex rel. Hedgepeth v. Wash. Metro. Area Transit Auth.*, 386 F.3d 1148, 1154 (D.C. Cir. 2004) (*citing*

---

[1] The Plaintiff notes, however, that although "the age requirement used to be 35 years to enter the program," the age requirement is now 30 years of age. Compl., n. 1.

U.S. Const. art. I, § 2 (minimum age for House of Representatives); *id*. § 3 (minimum age for Senate); *id*. art. II, § 1 (minimum age for President)).

Given that "a State may rely on age as a proxy for other qualities, abilities, or characteristics," *Kimel*, 528 U.S. at 84, age is permissibly used as a proxy for maturity in a variety of areas, including voting, marriage, driving, alcohol consumption, and employment. As such, the use of age as a proxy for maturity when determining admission into the Honor Program would also be constitutionally permissible, particularly in the context of prison. Statistics show that young inmates are generally less mature and more prone to criminal behavior. *See, e.g.*, Howard N. Snyder, *Arrest in the United States*, *1990-2010*, U.S. Department of Justice, Bureau of Justice Statistics, 3–12 (October 2012), http://www.bjs.gov/content/pub/pdf/aus9010.pdf (only 18% of those arrested for murder were 40 or older; 23% for rape; 11% for robbery; 25% for aggravated assault; 24% for simple assault; 14% for burglary; 20% for larceny-theft; 15% for motor vehicle theft; 16% for weapons violations; and 18% for drug abuse violations.) Of course, there are young inmates who are more mature and less prone to criminal behavior than older inmates, but such an age generalization—like the age generalizations employed in the areas noted above—is nevertheless rational. *See Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) ("Governmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized.") Because the Plaintiff cannot overcome the presumption that the distinction instituted for participation in the Honors Program is rationally related to a legitimate state interest, a valid Equal Protection claim has not been alleged.

In addition to his Complaint, the Plaintiff filed a Motion [ECF No. 4] seeking to certify this case as a class action on behalf of every inmate at the Indiana State Prison, along with a

Motion [ECF No. 3] for appointment of counsel. Because the Complaint does not state a valid claim for relief, the Plaintiff cannot "fairly and adequately protect the interests of the class," Fed. R. Civ. Proc. 23(a)(4). Furthermore, without a valid claim for relief, there is no basis for appointment of counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*).

Finally, although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. When the Plaintiff applied for admission to the Honors Program, he was too young per the program's stated requirements. Because the age limit is a rational requirement which does not violate Equal Protection, and there is no amendment that could change either the operative facts or law on which this decision is based, the Court finds that it would be futile to permit the Plaintiff to file an amended complaint.

For the forgoing reasons, the Motions for class certification (ECF No. 4) and appointment of counsel (ECF No. 3) are DENIED. This case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on April 28, 2015.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION