# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN WRIGHTSMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARION THATCHER, and RON NEAL, )<br>)<br>Defendants. ) | CAUSE NO.: 3:15-CV-87 TS |

**OPINION AND ORDER**

On May 11, 2015, the Plaintiff, a pro se prisoner, filed a Motion [ECF No. 9] asking the Court to reconsider its Opinion and Order [ECF No. 7] dismissing this case pursuant to 28 U.S.C. § 1915A. Although the Plaintiff does not specify whether he is seeking reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b), the Court will address the Motion under Rule 59(e) because the Plaintiff is arguing that the Court made an error of law and fact. *See Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) ("Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.").

According to the Plaintiff, the Court erred by finding that he was claiming age discrimination. The Plaintiff contends that he did not raise an age discrimination claim, but rather, "a claim of Equal Treatment pursuant to the Equal Protection Clause of the 14th Amendment." (ECF No. 9 at 1.) However, in his pro se Complaint [ECF No. 1], the Plaintiff stated that he was excluded from the Indiana State Prison's Honor Program because of his age. As such, the Court analyzed his Equal Protection claim as one based on age discrimination. *See, e.g.*, *Gregory v. Ashcroft*, 501 U.S. 452 (1991) (considering an Equal Protection claim in the

context of an age classification). As explained in the Court's Opinion and Order, "an age classification is presumptively rational." (ECF No. 7 at 2 (citing *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 84 (2000)). As such, the Court found that the Plaintiff failed to overcome the presumption that the distinction instituted for participation in the Honors Program is rationally related to a legitimate state interest, and thus, held that the Plaintiff did not allege a valid Equal Protection claim.

In his Motion, the Plaintiff cites *Gray v. Faulkner* for the proposition that "unequal treatment among inmates is justified if it bears a rational relation to a legitimate penal interest." 811 F. Supp 1343 (N.D. Ind. 1992) (citing *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (a court must "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."). Under either *Kimel* or *Gray*, the equal protection analysis remains the same: the distinction instituted for participation in the Honors Program must be rationally related to a legitimate state interest. As the Court found in its prior ruling, the Honors Program's offering of special privileges to inmates who have attained a certain age and disciplinary record while in prison is rationally related to a legitimate state and/or penal interest. (*See* ECF No. 7 at 2–3.) Accordingly, the Plaintiff has not plausibly alleged the deprivation of a federal constitutional right. The Plaintiff's Rule 59 Motion is DENIED.

SO ORDERED on May 29, 2015.

                                                  s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION